**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Pedro ZAMORA–OCHOA,**
**Defendant–Appellant.**

**No. 12–10671.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2014.*

Filed March 17, 2014.

Elizabeth Olson White, Esquire, Assistant U.S., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Pedro Zamora–Ochoa, pro se.

Robert W. Story, Story Law Group, Reno, NV, for Defendant–Appellant.

Before: PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM \*\***

Pedro Zamora–Ochoa appeals from the district court's judgment and challenges his guilty-plea conviction and 120–month sentence for distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Zamora–Ochoa's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Zamora–Ochoa the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Zamora–Ochoa has waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986–88 (9th Cir.2009). We accordingly dismiss the appeal. *See id.* at 988.

Appellate counsel argues that trial counsel was ineffective because he stipulated that Zamora–Ochoa's possession of a firearm rendered him ineligible for safety valve relief, but the record reflects the parties' understanding that the gun belonged to Zamora–Ochoa's co-defendant. This claim is not precluded by the appeal waiver, but its resolution requires further development of the record and we, therefore, decline to order it briefed on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir.2011). Zamora–Ochoa may, however, raise the claim in collateral proceedings through a 28 U.S.C. § 2255 motion. *See id.* at 1260.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Counsel's motion to withdraw is **GRANTED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.